Sonia A. Montalbano, OSB No. 97082
John D. Ostrander, OSB No. 87394
ELLIOTT, OSTRANDER & PRESTON, PC
707 SW Washington, Suite 1500
Portland, OR  97205
Telephone (503) 224-9867
Fax (503) 224-7819
sonia@eoplaw.com
john@eoplaw.com
Attorneys for Plaintiff Timothy Marsh

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

### PORTLAND DIVISION

| | |
|---|---|
| **TIMOTHY MARSH,**<br>**Plaintiff,**<br><br>v.<br><br>**HILLSBORO BODY AND PAINT, LLC,**<br>**an Oregon limited liability company, and**<br>**FLORIAN ADRIAN PERTE, and**<br>**individual**<br><br>**Defendants**. | **Case No.** 3:16-cv-02215<br><br>**COMPLAINT**<br><br>**(Failure to Pay Overtime – 29 U.S.C. §207;**<br>**O.R.S. 631.261; Failure to Pay Wages on**<br>**Termination – O.R.S. 652.120)**<br><br>**JURY TRIAL REQUESTED** |

Plaintiff Timothy Marsh alleges as follows:

### JURISDICTION AND VENUE

1.

This Court has subject matter jurisdiction over Plaintiffs' federal law claims pursuant to 29 U.S.C. § 216(b) (Fair Labor Standard Act ("FLSA" or "the Act")), 28 U.S.C. § 1331 (Federal Question) and §1337 (Actions arising under acts of Congress relating to commerce).

2.

This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a), because these claims are so closely related to Plaintiffs' federal law wage and hour claims that they form parts of the same case or controversy and the actions would ordinarily be expected to be tried in one judicial proceeding.

3.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(i)(2) because the Defendants conducted and continues to conduct business in the District of Oregon, Plaintiff was employed by the Defendants in this District, and acts and omissions that are the subject of this suit transpired in this District.

**PARTIES**

4.

Plaintiff Timothy Marsh is a resident and citizen of the State of Oregon.

5.

At all relevant times Defendant Hillsboro Body and Paint, LLC ("Defendant HBP") was an Oregon limited liability company, registered to do business in the State of Oregon. Defendant's primary business is to repair and paint automobiles at its place of business ("the Shop"). Defendant HBP is an employer within the meaning of the FLSA and O.R.S. 652.310(1).

6.

Upon information and belief Defendant HBP is an enterprise engaged in interstate commerce with an annual dollar value of sales in excess of $500,000.

7.

Upon information and belief Defendant Florian Adrian Perte ("Defendant Perte" is the sole member, officer, and/or director of Defendant HBP. Throughout Plaintiff's employment Defendant Perte exercised operational control over significant aspects of Defendant HBP's day to day function, the nature and structure of the Plaintiff's employment relationship, and had economic control over Plaintiff's employment relationship. Defendant Perte is an employer within the meaning of the FLSA and O.R.S. 652.310(1).

## SUBSTANTIVE ALLEGATIONS

8.

Plaintiff was hired as Defendants' employee in January, 2013. Plaintiff was given the title of "manager", although initially there were no employees at the shop other than Florian Adrien Perte, the owner of Defendant HBP.

9.

Plaintiff's primary duty upon being hired was to repair and paint automobiles that had been damaged. Throughout the time he was employed Plaintiff Marsh was paid on an hourly basis.

10.

Plaintiff's hourly rate of pay was $16.00 from the time he was first employed through September, 2014. From October 2014 through April 2016, Plaintiff's hourly rate of pay was $17.00. From May 2016 up to the time of his termination, Plaintiff's hourly rate of pay was $20.00.

11.

Although Plaintiff Marsh did take on some extra duties while employed by the Defendants, throughout his employment Plaintiff's primary duty continued to be performing manual labor on automobiles.

12.

While employed by the Defendants, Plaintiff Marsh worked in excess of 40 hours within a workweek on multiple occasions.  Defendants paid Plaintiff Marsh for all hours worked at his regular hourly rate of pay.  Defendants did not pay Plaintiff any overtime for the hours worked in excess of 40 within a workweek.

13.

Defendants terminated Plaintiff Marsh's employment on or about on September 12, 2016.

14.

Defendants, despite demand, has refused to pay Plaintiff Marsh for all wages owed to him at the time of his termination.

### FIRST CLAIM FOR RELIEF
### Violation of 29 U.S.C. §207
### Failure to Pay Overtime

15.

Plaintiff incorporates the allegations of paragraphs 1 through 14.

16.

Plaintiff is entitled to the rights, protections and benefits under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq.*, including being paid at 1 and 1/2 times his hourly rate of pay for hours worked in excess of 40 within a workweek.

17.

On more than one occasion, Plaintiff was paid only his regular hourly rate for hours worked in excess of 40 within a workweek, in violation of 29 U.S.C. §207 and 29 C.F.R. §778.107.  Plaintiff is entitled to unpaid ½ time for the hours he worked in excess of 40 in a workweek.

18.

Plaintiff estimates that he is owed $15,177.75 in unpaid overtime for the period between November 2014 through the date of his termination.

19.

Defendants' conduct in refusing to pay overtime was willful.  Plaintiff Marsh is therefore entitled to a third year of unpaid overtime.  Plaintiff Marsh estimates that he is owed $3,472 for unpaid overtime from November 2013 through October 2014.

20.

Plaintiff's work duties did not meet the requirements for exemption from overtime as allowed under federal law.

21.

Defendants owe Plaintiff Marsh unpaid overtime of not less than $18,649.75 or in an amount to be proven at trial.

22.

Defendants have not acted with a good faith belief or with reasonable grounds to believe that their actions were not a violation of the FLSA; therefore Plaintiff Marsh in entitled to liquidated damages in the amount equal to his unpaid wages pursuant to 29 U.S.C. §216 (b).

23.

Plaintiff is entitled to prejudgment interest from the date Plaintiff's wages became due and owing.

24.

Plaintiff has hired legal counsel to prosecute his claims and is entitled to his reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216 (b).

## SECOND CLAIM FOR RELIEF
### Violation of ORS 653.055
### Failure to Pay Overtime and Penalty Wages

25.

Plaintiff incorporates the allegations of paragraphs 1 through 14.

26.

Despite demand, Defendants have refused to pay Plaintiff Marsh overtime compensation for hours worked in excess of 40 in a workweek in violation of ORS 653.261, ORS 653.055 and OAR 839-020-0030.

27.

Plaintiff received only his regular hourly rate for hours worked in excess of 40 within a workweek.  Plaintiff is entitled to unpaid ½ time for the hours he worked in excess of 40 in a workweek.

28.

Plaintiff's work duties did not meet the requirements for an exemption as described in ORS 653.020.

29.

Plaintiff estimates that he is owed $15,177.75 in unpaid overtime for the period between November 2014 through the date of his termination.

30.

In addition to his unpaid wages, Plaintiff Marsh is entitled to $4,800 ($20.00 x 8 hours x 30 days) in penalty wages for failing to properly pay overtime compensation pursuant to ORS 653.055(1)(b) and ORS 652.150.

31.

Under Oregon law, upon termination, final payment of all wages is accelerated and all earned but unpaid wages must be paid the next business day.  ORS 652.140.

32.

Defendants violated Oregon law by failing to timely pay Plaintiff Marsh the overtime compensation due to him following termination of his employment.

33.

As a result of Defendants' willful failure to pay Plaintiff Marsh all compensation due as required by ORS 652.140 Plaintiff is entitled to a second penalty in the amount of $4,800 ($20.00 x 8 hours per day x 30 days).

34.

Plaintiff is entitled to prejudgment interest at the rate of 9% per annum on the amount of unpaid wages from the date the wages became due and owing until paid in full.

35.

Plaintiff has hired legal counsel to prosecute his claims and is entitled to his reasonable attorneys' fees and costs pursuant to ORS 652.200.

\* \* \* \* \*

WHEREFORE, Plaintiff Marsh requests judgment in his favor and against each of the Defendants as follows:

On his FIRST CLAIM FOR RELIEF:

a. For unpaid wages in an amount not less than $18,649.75 or an amount to be proven at trial;

b. An award of liquidated damages in the amount of $18,649.75, or an amount to be proven at trial, but in any event equal to the amount of unpaid wages;

c. An award of prejudgment interest from the date Plaintiff's unpaid wages became due and owing; and,

d. Plaintiff's attorney fees, expert fees and costs incurred herein.

On his SECOND CLAIM FOR RELIEF:

a. An award of unpaid overtime of at least $15,177.75 or an amount to be proven at trial;

b. An award of penalty wages in the amount of at least $9,600, or an amount to be proven at trial;

c. An award of prejudgment interest from the date Plaintiff's unpaid wages became due and owing; and,

d. Plaintiff's attorney fees and costs incurred herein.

DATED this 23rd day of November, 2016.

ELLIOTT, OSTRANDER & PRESTON, P.C.

By _____
Sonia A. Montalbano, OSB No. 97082
John D. Ostrander, OSB No. 87394
Of Attorneys for Plaintiff